UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC COSTELA, | Civil Action No. 25-1233 (SDW-MAH) |
| Plaintiff, | |
| v. | OPINION |
| HUDSON COUNTY CORRECTIONAL & REHABILITATION CENTER, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about February 11, 2025, *pro se* Plaintiff Eric Costela filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). He also seeks to proceed *in forma pauperis*. (ECF No. 1-1).

2. This Court has reviewed Plaintiff's *in forma pauperis* application and concludes that he qualifies to proceed without prepayment of the filing fee. Plaintiff's *in forma pauperis* application will be granted.

3. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

4. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. Plaintiff brings the complaint against the Hudson County Correctional & Rehabilitation Center ("HCC") and its Director Becky Scott. (ECF No. 1 at 3). He alleges that HCC admitted a detainee from Cumberland County Jail without testing him for COVID-19. (*Id.* at 4). Plaintiff and other detainees later tested positive for COVID-19, although Plaintiff was not told of the positive result until two weeks later. (*Id.* at 5).

7. Plaintiff asserts HCC and Scott were negligent and deliberately indifferent to his health and safety and seeks "an amount that is sufficient for the events that took place and put [his] life in jeopardy." (*Id.* at 6).

8. As HCC is a municipal entity, it "cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. A plaintiff seeking to hold a municipality liable under § 1983 must demonstrate that the violation of rights was caused by the municipality's

policy or custom." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Here, Plaintiff does not allege that there was a policy or custom that caused his injuries; rather, he alleges that it was the singular act of failing to test an incoming detainee that led to his COVID-19 diagnosis. (ECF No. 1 at 4). Plaintiff has not stated a claim against HCC. 28 U.S.C. § 1915(e)(2)(B)(ii).

9. Plaintiff also has not stated a claim against Director Scott. Like municipalities, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Plaintiff may not pursue a claim against Director Scott solely because she is in charge of HCC. (*See* ECF No. 1 at 5 (stating that Plaintiff wants "the director who is responsible for the running of [HCC]" to be "held accountable for what happened …")).

10. "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Id.*

11. Plaintiff has not alleged facts that would support a reasonable inference that Director Scott established a policy or custom that violated his constitutional rights. He also has not sufficiently alleged that Director Scott participated in the allegedly unconstitutional actions or

3

acquiesced in her subordinates' unconstitutional actions. Therefore, this Court will dismiss the claims against Director Scott for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

12. This Court concludes that the complaint should be dismissed as Plaintiff has failed to state a claim against HCC or Director Scott. 28 U.S.C. § 1915(e)(2)(B)(ii).

13. This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000). Plaintiff may be able to allege facts that would cure the deficiencies identified above, so this Court will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to § 1915 review prior to service, and failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: February 20, 2025